**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 94-20807
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN AVECHE PALACIOS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-94-60)

November 24, 1995

Before POLITZ, Chief Judge, GARWOOD and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

Esteban Aveche Palacios makes this interlocutory appeal of the denial of his double jeopardy plea, urging the civil forfeiture of an automobile as a bar to his criminal prosecution for conspiracy to possess with intent to distribute more than five kilograms of cocaine. For the reasons assigned, we affirm.

Background

_____

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Palacios was arrested under the name "Luis Colon"[1] and subsequently indicted. During his arrest, Palacios was served with a notice of seizure of the Honda Accord automobile in his possession.[2] Although the notice explained that a claim could be filed in the forfeiture proceedings, no claim was made and there was no contest to the forfeiture. The automobile was forfeited to the government by default.[3]

Palacios filed a "plea in bar to prosecution," contending that the forfeiture of the automobile constituted punishment which prohibited, as double jeopardy, his prosecution for conspiracy. He attached to his plea a copy of the notice of seizure with which he had been served. The government opposed Palacios' plea, contending that jeopardy did not attach from the administrative forfeiture because Palacios neither filed a claim nor entered the forfeiture as a party.

The district court denied Palacios' plea, finding that the titleholder of the vehicle was "Luis A. Colon," that no claim was filed in the forfeiture proceeding, and that the vehicle was forfeited by default. The court found that because he did not participate in the prior proceeding, Palacios did not face double jeopardy.

Palacios moved for reconsideration and a hearing to show that he was the owner and lost the automobile through forfeiture. He maintained that he did not file a claim in the

---

[1]The indictment of Esteban Aveche Palacios refers to his many aliases, including Luis Santana Colon, Luis Angel Colon, Victor Manuel Rivera, Tommy Creel, Pedro Ivan Blanco, Mike, Mayimbe, and Lucho. At his rearraignment hearing, Palacios and his attorney said his last name was spelled "Areche-Palacio." However, Palacios' brief states that his true name is "Estaben Aveche Palacios."

[2]The notice stated that the seizure was based on the automobile's use to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, in violation of 21 U.S.C. § 881(a)(4).

[3]Summary forfeiture can be used when no claim is filed or bond given within the statutory time period. 19 U.S.C. § 1609; 21 C.F.R. §§ 1316.71-1316.81.

forfeiture proceeding for fear of waiving his right against self-incrimination in the criminal proceeding. He attached to his motion copies of the vehicle's certificate of title and an application for certificate of title indicating that the vehicle's owner was "Luis Angel Colon." The district court denied the motion, but found that Palacios had filed a claim and entered into a consent judgment of forfeiture. Palacios timely appealed.

Subsequently, pursuant to a plea agreement, Palacios pleaded guilty to the conspiracy charge while maintaining his intent to appeal the double jeopardy issue.[4]

<u>Analysis</u>

The double jeopardy clause prohibits the government from multiple prosecutions or punishments of the same individual for the same offense.[5] We have jurisdiction over an interlocutory appeal from a denial of a double jeopardy claim.[6] That denial is subject to *de novo* review.[7]

In its order denying Palacios' motion for reconsideration, the district court stated that Palacios filed a claim and entered into a settlement with the government in the forfeiture proceeding. Palacios conceded in his appellate brief that this was error; he made no claim or appearance in the forfeiture proceeding. We find no evidence in the record that he made a claim, and indeed, in its original order denying Palacios' plea in bar to prosecution, the district court had found that Palacios was not a party to the forfeiture proceeding. We must

---

[4]Subsequent to noticing the appeal Palacios was sentenced.

[5]U.S. Const. amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ."); **North Carolina v. Pearce**, 395 U.S. 711, 89 S.Ct. 2072, 2076 (1969).

[6]**Abney v. United States**, 431 U.S. 651, 97 S.Ct. 2034 (1977).

[7]**United States v. Gonzales**, 40 F.3d 735 (5th Cir. 1994), <u>cert</u>. <u>denied</u>, 115 S.Ct. 1716 (1995).

3

conclude from our review of the record that no one entered a claim in the administrative forfeiture and that the automobile was forfeited to the government by default.

Palacios contends that his criminal prosecution is barred by the double jeopardy clause because he previously was punished for the same offense by the administrative forfeiture of the automobile that was in his possession at the time of his arrest. Palacios' argument is foreclosed by our recent decision in **United States v. Arreola-Ramos**.[8] Because Palacios failed to enter a claim in the administrative forfeiture proceedings, he was not a party to any prior proceeding. "[A] summary forfeiture, by definition, can never serve as a jeopardy component of a double jeopardy motion. In summary forfeiture proceedings, there is no trial, there are no parties, and no one is punished. Absent a trial, a party, and a punishment, jeopardy can never attach."[9]

An uncontested administrative forfeiture is not former jeopardy. Thus, Palacios' criminal prosecution did not constitute double jeopardy.

AFFIRMED.

---

[8]60 F.3d 188 (5th Cir. 1995).

[9]**Id.** at 192 (citations omitted).